VINCO INC., Plaintiff–Appellant,

v.

ROYAL INSURANCE COMPANY OF AMERICA, Royal Group, Inc., Royal and Sun Alliance, and Globe Indemnity Co., Defendants–Appellees.

Docket No. 01–7411.

United States Court of Appeals, Second Circuit.

March 4, 2002.

Villa B. Hayes, Hughs, Hubbard, & Reed; William J. Beausoleil, of counsel, New York, NY, for Appellant.

John B. Farley, Halloran & Sage, LLP; John W. Lemega & Elizabeth A. Fitzsimmons, of counsel, Hartford, CT, for Appellee.

Present SACK, KATZMANN, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said District Court be, and it hereby is, affirmed.

The plaintiff, Vinco, Inc., appeals from a judgment entered in the United States District Court for the District of Connecticut, following a bench trial, holding that the defendant insurance companies (collectively "Royal")[1] are not required to indemnify Vinco for liability it incurred with respect to a December 1991 accident at a Norwalk Community College construction project. On appeal, Vinco argues that the district court's finding that Vinco was not covered as an additional insured in December 1991 under a policy issued by Royal that would have covered the accident was in error. Vinco further asserts that even if it was not covered by a Royal policy in December 1991, Royal is judicially estopped from arguing that Vinco was not covered because an attorney Royal hired to represent another party in a related state court action stipulated that such coverage was in effect. Both of these arguments are without merit.

Vinco was a general contractor, and Hilton Mechanical Contractors, Inc. a subcontractor, on a construction project for the State of Connecticut at the Norwalk Community College. Under its subcontract, Hilton was required to add Vinco as an additional named insured on a liability insurance policy covering work on that project. It is undisputed that Hilton obtained an insurance policy from Royal that covered the Norwalk project. The central question in this case is whether Vinco had been added to this policy as an additional insured prior to December 1991 when an employee of Hilton, who later sued Vinco, was injured at the construction site.

Vinco asserts that it was added as an additional insured. To support its claim, Vinco presented evidence at trial that, in response to a faxed request from Hilton, the insurance broker Corroon & Black ("Corroon")—who had a formal agency agreement with Royal but was also Hilton's regular broker—issued a Certificate of Insurance on March 18, 1991. The Certificate was issued to the State of Connecticut on a State of Connecticut form. The Certificate certifies that Royal has issued Hilton a policy for the Norwalk project, that the policy "is in force on this date," and that Vinco "is named as Additional Insured" under this policy. The Certificate was signed by Corroon as the "Authorized Agent" of Royal. Copies of this Certificate were sent to the State of Connecticut and Vinco.

Following the bench trial, the district court held that the Certificate did not impose contractual obligations on Royal in light of the fact that Vinco failed to present evidence that Corroon was acting as Royal's agent in issuing the Certificate. According to the district court, the evidence required the conclusion that Corroon was acting as Hilton's agent in doing so. In addition, the district court concluded that even if Corroon were functioning

---

1. The insurance policy in question was issued by Royal Group Inc., d/b/a the Royal Insurance Co. In or about 1996, Royal Group, Inc. merged with another corporation to form Royal & Sun Alliance. Globe Indemnity Corporation is a wholly owned subsidiary of Royal & Sun Alliance.

as Royal's agent, Royal is not bound by the Certificate because Corroon was acting outside of the scope of its authority when it issued the Certificate. The district court reasoned that the agency agreement between Royal and Corroon only allowed Royal to issue insurance policies and binders. The Certificate is neither.

■ We agree with the district court's holding that Royal failed to present sufficient evidence at trial to establish that Corroon was acting as Royal's agent in issuing the Certificate. Vinco presented evidence that Hilton faxed Corroon a request for a certificate of insurance that listed Vinco as an additional insured. But Vinco never offered evidence to establish that Hilton sought or obtained additional insurance coverage for Vinco from Royal, its agent, or anyone else prior to the accident in question. And there is insufficient evidence in the record to support a finding that Corroon intended to extend coverage to Vinco by issuing the Certificate or that Corroon was supposed to issue simultaneously a policy or binder extending coverage to Vinco as an additional insured.

A certificate of insurance is a purely informational document. *See Taylor v. Kinsella*, 742 F.2d 709, 711 (2d Cir.1984) (explaining that a certificate of insurance is generally only notice that a policy of insurance had been issued); 17 Lee R. Russ & Thomas F. Segalla, *Couch on Insurance 3d* § 242:33 (3d ed. 2000) ("Where an entity requires another to procure insurance naming it an additional insured, that party should not rely on a mere certificate of insurance, but should insist on a copy of the policy. A certificate of insurance is not part of the policy—if it states that there is coverage but the policy does not, the policy controls."). The Certificate in this particular case was issued to inform the State of Connecticut that Vinco was an additional insured under Hilton's policy with Royal. While Vinco may have thought that it was an additional insured under Hilton's policy because of the representation on the Certificate (and even assuming that this belief was reasonable), Royal cannot be bound by the Certificate because it was issued at Hilton's request and was not itself a policy or binder. There was no evidence presented establishing that Royal permitted its agents to issue certificates of insurance. It is also significant that the insurance policy between Royal and Hilton contained a merger agreement, which explicitly stated that the contract of insurance consisted solely of the declarations, forms, and endorsements contained within the contract. Royal therefore is not required to indemnify Vinco for the accident in question.

■ Finally, Vinco asserts that Royal is judicially estopped from arguing that Vinco was not covered by Royal as an additional insured because Ken Mulvey, the attorney hired by Royal to represent Hilton in a related state court action, stipulated before the state court that Vinco was insured by Royal at the time of the December 1991 accident. While Vinco relied on Mulvey's stipulation when in the course of the litigation it voluntarily withdrew its claim that Hilton had breached its contract by failing to add Vinco as an additional insured, Vinco's judicial estoppel claim is without merit. First, it is not clear that Connecticut recognizes the doctrine of judicial estoppel. *See Rogers Inv. Co. v. F.W. Woolworth Co.*, 161 Conn. 6, 11, 282 A.2d 882, 885 (1971) (holding that judicial estoppel did not apply to bar the plaintiff from denying validity of certain exhibits despite plaintiff's reliance on the exhibits in an earlier proceeding); *SKW Real Estate Ltd. v. Mitsubishi Motor Sales of Am., Inc.*, 56 Conn.App. 1, 8, 741 A.2d 4, 9 (Conn.App.1999) ("We do not have to de-

termine whether Connecticut recognizes the doctrine of judicial estoppel because there is no factual basis to apply any estoppel principles here."). But even if it does, Vinco's claim fails because Mulvey's representation was not adopted by the state court. *See Bates v. Long Island R.R.,* 997 F.2d 1028, 1038 (2d Cir.1993). Rather, Vinco voluntarily and without prejudice withdrew its claim against Hilton.

Vinco's sense that it is aggrieved is understandable. It was told by Corroon that it was insured by Royal with respect to the Norwalk Community College project when it was not and allegedly suffered a substantial loss as a result. Perhaps it had or has a viable claim against Hilton for apparently failing to obtain insurance for Vinco as required by its contract with Vinco, or against Corroon for certifying the existence in force of insurance coverage that apparently did not exist, or against Mulvey for assuring Vinco that Royal would indemnify Vinco when it had no such obligation or intention. But Vinco had and has no claim against Royal, which never undertook to insure it with respect to the project.

We have reviewed Vinco's additional arguments and find them to be without merit. The judgment of the District Court is hereby AFFIRMED.